[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10505
Non-Argument Calendar

_____

D. C. Docket No. 06-00339-CR-JEC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENIO ESTRADA ACOSTA,
a.k.a. Carlos Estrada Medina,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 6, 2007)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eugenio Estrada Acosta appeals his 60-month prison sentence for illegal reentry in violation of 8 U.S.C. § 1326. That sentence exceeds what the parties agree is the applicable guideline range of 37–46 months, resulting from an adjusted offense level of 17 and a criminal history category of IV.

At the sentence hearing, the district court gave two reasons for selecting the 60-month prison term. The first reason focused on Acosta's extensive criminal history, which included: (1) three deportation orders (two of which led to actual deportations); (2) a prior conviction for illegal reentry; (3) two drug convictions; (4) a drug-related criminal trespass conviction; (5) failure to appear on a warrant; and (6) repeated use of false names. It also included Acosta's May 2003 guilty plea to simple battery, which resulted from charges that Acosta had harassed a ten-year-old girl and grabbed her buttocks. After recounting all of these things, the district court said that it would depart upward from Acosta's criminal history category, reasoning that a criminal history category of VI—and its corresponding guideline range of 51–63 months—would more accurately reflect this "serious criminal record." Alternatively, the district court exercised its power under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), to exceed the advisory guidelines range, citing "the purpose of deterrence and protection of society and all the other things I am supposed to consider."

2

Acosta's sole contention on appeal is that the district court violated his due process rights by increasing his sentence on the basis of the facts underlying the charges which resulted in his May 2003 guilty plea to battery, which he describes as "uncorroborated, unreliable allegations that he has [never] admitted to and for which he has never been convicted." As he did before the district court, Acosta cites the reasoning in Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990), to support his argument that the bare allegations contained in the relevant charging documents fail to provide a sufficiently reliable understanding of his actual conduct.

The Taylor decision does not dictate the outcome of this case. To the Taylor Court, the "practical difficulties and potential unfairness" inherent in relying on the surrounding facts leading to a defendant's guilty plea were a factor in answering the question "whether the sentencing court in applying [the sentence enhancement specified in 18 U.S.C.] § 924(e) must look only to the statutory definitions of the prior offenses" that would trigger the enhancement and not other evidence concerning those offenses. Id. at 600, 601, 110 S. Ct. at 2159. In other words, the Court was explaining how to apply § 924(e), not how to apply the sentencing guidelines. It was certainly not addressing the requirements of due process.

Even if we accept, however, the premise that charging documents are less

reliable than some other sources of evidence, Acosta has not met his burden of establishing a due process violation. "Where a defendant claims that his due process rights have been violated by the sentencing court's reliance on false or unreliable information, he must make a showing of two elements: (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984). At sentencing, Acosta speculated that there might be "a family situation involved" between himself and the ten-year-old victim of his harassment, the apparent implication being that this circumstance might somehow lessen the egregiousness of his conduct. That was the extent of Acosta's challenge to the reliability of the information from the police reports. Acosta never actually challenged the accuracy of the facts reported in presentence investigation report, which for present purposes means that he has admitted those facts. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006), cert. denied, 127 S. Ct. 2096 (2007).

**AFFIRMED.**

4